## John H. Weigmann *v.* Joshua R. Jones, Appellant.

*Party walls—Deed—Easement of light and air—Covenant.*

An owner of a lot has a right to open windows in a party wall where the adjoining owner has covenanted in a deed to preserve to his neighbor an easement of light and air, and has also covenanted for himself, his heirs and assigns, not to erect a wall above a certain height " unless there shall be left between the buildings a clear space of at least thirty-six inches between the faces of the two walls."

Argued Jan. 16, 1894.    Appeal, No. 77, July T., 1893, by defendant, from decree of C. P. No. 2, Phila. Co., June T., 1892, No. 28, on bill in equity in favor of plaintiff.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Bill to compel closing windows in party wall.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree in favor of plaintiff.

*H. E. Garsed* and *George Tucker Bispham*, for appellant.— A party wall is a wall erected on the line between two adjoining estates belonging to different persons for the use of both estates : Bouvier's Law Dictionary.

There can be no openings in a party wall, according to Vollmer's Ap., 61 Pa. 118, without the license or permission of an adjoining owner : Milne's Ap., 81 Pa. 56 ; Rennyson's Ap., 94 Pa. 153.    In the conveyance here there is an express grant of the easement for light and air.    These could be obtained only through openings or windows.

A contract for the erection of a party wall which provides that the person on whose land it is to be partly built shall " not have the right to obstruct the light for any window which the other party shall build into said wall " gives such other party by implication the right to build windows into such wall : Grimley v. Davidson, 113 Ill. 116.

Every owner of a lot of ground in Philadelphia has a statutory right to make a party wall between himself and his neighbor, and may enter upon the adjoining lot for that purpose, not

going beyond the prescribed limit: Western Nat. Bank's Ap., 102 Pa. 171.

*J. Martin Rommell,* for appellee.—The right of the first build- er to encroach upon his neighbor's ground, as established by party-wall legislation, exists only by reason of mutuality of benefit, either present or prospective : Rodearme v. Hutchison, 2 Pears. 324 ; Western Nat. Bank's Ap., 102 Pa. 183.

Defendant is claiming, in addition to the easement of light and air over a part of plaintiff's premises which was given to him, the right by implication to enter upon and take six and one half inches of plaintiff's ground, solely for his individual benefit, without any attendant benefit to plaintiff. Certainly no grant can be implied which is so directly in conflict with the very causes which lead to party-wall legislation. The law will not allow the appropriation of another's property under any cir- cumstances without compensation.

Defendant had under the instrument in question an option : He could build entirely on his own property, and in that event he was entitled to an easement of light and air over thirty-six inches of plaintiff's premises, or he could exercise his statutory right and encroach six and one-half inches on plaintiff's prem- ises, and in that event he must build a party wall in accord- ance with the general provisions of the law, i. e., solid (without openings), of an incombustible material.

The exercise of the latter right has extinguished, or at least suspended, his easement to light and air by terminating the purpose for which it was granted : Washburne on Easements, 656.

The case of Grimley v. Davison, cited by appellant, has no application, as in the agreement therein referred to an express stipulation was made in regard to the opening of windows in the party wall.

Opinion by Mr. Chief Justice Sterrett, Oct. 1, 1894 :

In October, 1880, and prior thereto, the parties to this con- tention each respectively owned a lot on Cherry street below Eighth in Philadelphia. Plaintiff's lot, fronting eighteen feet eight and one half inches on Eighth street, extends back easterly along the southerly line of Cherry street one hundred

and five feet nine inches to the westerly line of defendant's lot fronting on said last mentioned street. The westerly face of the wall of defendant's building was five and three quarters inches from the line dividing said lots.

The first and second paragraphs of the bill contain full descriptions of said lots respectively with averments of title in fee thereto. The third paragraph charges that defendant is causing to be erected on his lot a seven story building, and for that purpose has built a party wall on the division line between said lots. The fourth paragraph avers that said party wall to the height of the first story is about twenty-four inches in thickness, of which six and one half inches stands upon plaintiff's ground in accordance with the acts of assembly relating to party walls, in such cases made and provided. The fifth paragraph charges "that, in violation of law and plaintiff's rights, the said defendant has caused to be built or opened in said party wall six windows overlooking the premises of plaintiff, to his great detriment and injury, notwithstanding notice to desist therefrom was given to said defendant while said wall was being erected."

The prayers are for (1) an order compelling defendant to build up said openings or windows; (2) an injunction restraining the further maintenance of said openings or windows, and (3) further relief.

The averments, etc., contained in the first, second and fourth paragraphs of the bill are admitted. The third and fifth paragraphs are denied; and, for further answer to the latter, the averment of the defendant is "that, under and by virtue of a certain deed, made between myself and the complainant and others, dated the 12th day of October, 1880, I had the right to put the windows in the western side of my wall." A copy of said deed is appended to and made part of the bill. The case was heard on bill and answer, and the learned court, without filing any opinion, or so far as appears assigning any reason for its action, granted the relief prayed for and entered the decree from which defendant took this appeal.

If the structure complained of, with the openings therein, were merely a party wall, erected under the law relating to that subject and without reference to the rights granted and acquired under the deed relied on by defendant in his answer, there

would be force in the plaintiff's contention; but, without wholly ignoring defendant's right under said deed, the case cannot be treated as involving nothing more than a question under the party-wall law.   The deed referred to is tripartite, the defendant and his wife being parties of the first, plaintiff and his wife parties of the second, and John Craig and George Craig, mortgagees of plaintiff's lot, parties of the third part.   After reciting defendant's seizure and possession of his lot and fully describing the same by metes and bounds, etc., and as abutting on the easterly end of plaintiff's lot for the distance of eighteen feet eight and one half inches, the deed contains, inter alia, the following further recitals:

"And whereas, the said John H. Weigmann is desirous of erecting an addition to the building situate on his said lot, so that its eastern wall shall be built upon the boundary line between the two above described lots of ground; and by the statute in such case made and provided for the erection of party walls, the said Weigmann would have the right to build, for the purposes of party walls, four and one half inches upon the land of said Jones for the space of eighteen feet, eight and one half inches, which said addition, if so erected, would greatly damage the said Jones by cutting off the second and third story of said Jones's building from light and air.

"And whereas, it hath been agreed by said Jones and Weigmann that the said Jones shall convey unto the said Weigmann the said five and three quarters inches lying between the western wall of said Jones's building and his boundary line for the length of eighteen feet eight and one half inches, and shall also pay unto said Weigmann the sum of four hundred dollars; in consideration of such conveyance and payment the said Weigmann is to execute a covenant running with his said land to preserve the easement for light and air unto the said Jones, his heirs and assigns, and those claiming by, through or under him, them or any of them, and also that he, the said Weigmann, shall use the said five and three quarter inches so conveyed to him for the purpose of erecting a wall to the eastern end of the proposed addition of only sixteen feet in height, measured from the surface of the ground, and that he neither will, nor any person or persons, natural or artificial, claiming or to claim by, through, from or under him, will make, cause, or suffer to

be made, any erection, wall, building, part of building, or obstruction whatever upon his said lot or the strip hereby conveyed higher than the said sixteen feet, unless there shall be left between the buildings a clear space of at least thirty-six inches between the faces of the two walls from the height of sixteen feet upwards, the starting point for this measurement being the face of the wall as now erected upon the lot of said Jones."

As expressed in the granting clause, the conveyance, of said five and three quarters inches wide strip, is " as well for and in consideration of the premises and of the easement for light and air hereby created as of one dollar to them in hand paid, etc. Habendum, etc., subject to the restrictions for building as herein contained."

This is followed by plaintiff's covenant—provided for in the second of the foregoing recitals—running with the land and securing to defendant the said easement of light and air; also Mrs. Weigmann's release of any dower interest she may have in said easement, and the release of said mortgagees of their interest in the same.

It is difficult to conceive how the easement claimed by defendant could be more effectually secured to him, his heirs and assigns, than is done by the tripartite deed upon which he relies. In view of the provisions of that instrument, plaintiff has no case.

Decree reversed and bill dismissed, and it is ordered that the costs, including the costs of this appeal, be paid by the plaintiff.